IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Among others, 10/25 kg drums, more or less, of an article of drug for veterinary use, labeled in part:<br><br>(drum)<br><br>"*** SULFADIAZINE SODIUM USP XXIII ***<br>NET WT. 25 KG *** MADE IN CHINA ***<br>SULFADIAZINE SODIUM LONGWIND<br>LOT # *** VET RX LOT # *** ACCEPTED ***"<br><br>and all other articles of drug for veterinary use, including all active drug components in bulk containers, in-process materials, and finished products, in any dosage form, combination, strength lot number, type or size container, labeled or unlabeled, which articles were manufactured, or are used in the manufacture of finished dosage form drugs, by Veterinary Pharmacy Corporation, doing business as Vet Rx Pharmacy, 201 South Third Street, St. Peter, Minnesota, and which are determined to consist in whole or in part of components that originated outside the State of Minnesota,<br><br>Defendants-in-rem,<br><br>and<br><br>VETERINARY PHARMACY CORP., dba<br>VET RX PHARMACY, a corporation, and<br>WILLIAM A. SODERLUND, JR., and<br>MICHAEL STROBEL, individuals,<br><br>Defendants. | Civil No. 00-CV-2725<br>(DSD/JMM)<br><br>Order |

FILED MAR 06 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Upon consideration of Defendants' Motion for Leave to Deposit Funds in Registry of Court, the consent of Plaintiff, and the entire record in this case, it is this 6 day of ~~February,~~ March 2002, by the United States District Court for the District of Minnesota, ORDERED:

1. That Defendants may deposit into the registry of the Court, and the Clerk shall accept and deposit into the registry, $300,000;

2. That the Clerk promptly and properly invest said monies in accordance with the rules of this Court, pending further order of this Court.

3. The Clerk may release the funds to the Defendants only upon Order of this Court finding that Defendants have abided by and performed all of the terms and conditions of the Consent Decree of Condemnation and Permanent Injunction entered in this proceeding relating to the Seized Articles and of such further orders and decrees as may be entered in this proceeding relating to the Seized Articles.

4. If the Court finds that Defendants have failed to abide by and/or perform all of the terms and conditions of the Consent Decree of Condemnation and Permanent Injunction relating to the Seized Articles, the funds shall be forfeited in their entirety to Plaintiff.

John M. Mason
U.S. District Magistrate Judge