UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

CIVIL NO. 00-2725 (DSD/JMM)

Plaintiff,

v.

ORDER

Among others, 10/25 kg drums, more or less, of an article of drug for veterinary use, labeled in part:

(drum)

"***SULFADIAZINE SODIUM USP XXIII***
NET WT. 25 KG***MADE IN CHINA***
SULFADIAZINE SODIUM LONGWIND
LOT # *** ACCEPTED***"

and all other articles for veterinary use, including all active drug components in bulk containers, in-process materials, and finished products, in any dosage form, combination, strength lot number, type or size container, labeled or unlabeled, which articles were manufactured, or are used in the manufacture of finished dosage form drugs, by Veterinary Pharmacy Corporation, doing business as Vet Rx Pharmacy, 201 South Third Street, St. Peter, Minnesota, and which are determined to consist in whole or in part of components that originated outside the State of Minnesota,

Defendants-in-rem.

and

VETERINARY PHARMACY CORP., dba
VET RX PHARMACY, a corporation, and
WILLIAM A. SODERLIND, JR., and
MICHAEL STROBEL, individuals,

Defendants.

The above matter comes before the court upon the Parties Joint Motion for Release of Funds in Registry of Court [Docket No. 45].

APR 15 2002
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1) Defendants have abided by and performed all of the terms and conditions of the Consent Decree of Condemnation and Permanent Injunction relating to the Seized Articles.

2) The Clerk shall return to Defendants the $300,000 deposited in the Registry of the Court plus any interest accrued.

Dated: April 15, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

By Order of this Court dated March 6, 2002 [Docket No. 42], Defendants deposited $300,000 in the Registry of the Court on March 9, 2002. Pursuant to said Order the deposit was to be returned to Defendants upon a finding that Defendants have abided by and performed all terms and conditions relating to the Seized Articles in the Consent Decree of Condemnation and Injunction entered into by the Parties. In the Joint Motion now before the Court, the Parties represent that Defendants have fulfilled this obligation, therefore the Court finds that Defendants have abided by and performed all terms and conditions relating to the Seized Articles in the Consent Decree of Condemnation and Injunction.

J.M.M.